**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| *In re: Lyft, Inc., Passenger Sexual Assault Litigation* | )<br>)   MDL Docket No. 3171<br>)<br>) |

**INTERESTED PARTY RESPONSE IN SUPPORT OF MOTION FOR TRANSFER OF ACTIONS
TO THE NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1407**

Interested Party Plaintiffs and Respondents, Tabatha Means, Laurie Spano, and Meribeth Stencel ("Respondents") respectfully submit this Response in Support of the Motion for Transfer of Actions to the Northern District of California for Consolidated Pretrial Proceedings filed by Plaintiff J.E ("Movant") on October 6, 2025, pursuant to 28 U.S.C. § 1407 and Rule 6.2(e) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation (the "JPML Petition"). (Doc. 1). Respondents are plaintiffs in the following actions:

*Means v. Lyft, Inc.*, 4:24-cv-00177-MMC (N.D. Cal.)

*Spano v. Lyft, Inc.*, 3:24-cv-00799-MMC (N.D. Cal.)

*Stencel v. Lyft, Inc.*, 4:24-cv-01535-MMC (N.D. Cal.)

For the reasons below, Respondents respectfully join and support Movant's request that the Panel transfer the actions listed in the Schedule of Actions attached to the JPML Petition and all subsequent tagalong actions to the United States District Court for the Northern District of California for coordinated or consolidated proceedings.

Respondents incorporate by reference and adopt the factual background and arguments in favor of transfer that Movant sets forth in the Memorandum in Support of the JPML Petition. (Doc. 1-1). Respondents agree that transfer and coordination or consolidation is appropriate given the common legal and factual issues that the related cases share and will serve to eliminate duplicative discovery, avoid inconsistent pretrial rulings, preserve judicial and party resources, and facilitate the efficient resolution of these cases.

Respondents concur with Movant that the Northern District of California is the most suitable forum for this MDL. Respondents' cases are all currently pending in that district, which satisfies all of the factors this Panel considers when determining the most suitable forum for transfer. Specifically, the Northern District of California (1) is where most parties, documents, and witnesses are located; (2) is accessible; and (3) is highly adept at managing MDLs. Moreover, the Northern District of California currently manages MDL 3084, *In re Uber Technologies, Inc., Passenger Sexual Assault Litigation* (the "Uber MDL"), which involves similar cases to those at issue here. For this reason, Respondents further agree that the Honorable Charles R. Breyer, who presides over the Uber MDL, would be an excellent choice to handle the Lyft MDL, as he has managed the Uber MDL effectively and has gained substantial relevant experience that would benefit all parties.

Accordingly, Respondents urge this Panel to grant Movant's JPML Petition and transfer and coordination or consolidation to the United States District Court for the Northern District of California.

Respectfully submitted,

*/s/ Rachel B. Abrams*
Rachel Abrams (SBN: 209316)
Adam B. Wolf (SBN: 215914)
555 Montgomery St., Suite 820
San Francisco, CA 94111
Telephone: (415) 766-3545
Facsimile: (415) 402-0058

*Counsel for Interested Party Plaintiffs and Respondents Tabatha Means, Laurie Spano, and Meribeth Stencel*